UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09147-AH-SSCx | Date | January 22, 2026 |
| Title | Anna Livingston v. Karl Storz Endoscopy-America, Inc. | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING MOTION TO REMAND AND MOTION TO TRANSFER VENUE AND GRANTING MOTION TO DISMISS [15][16]**

Before the Court are Plaintiff Anna Livingston's Motion to Remand to the Los Angeles County Superior Court, Mot. to Remand, Dkt. No. 16, and Defendant Karl Storz Endoscopy-America, Inc.'s Motion to Transfer Venue and Motion to Dismiss the First Amended Complaint. Mot. to Transfer and Dismiss, Dkt. No. 15. The matters are fully briefed. Opp'n ISO Mot. to Remand, Dkt. No. 19; Reply ISO Mot. to Remand, Dkt. No. 27; Opp'n ISO Mot. to Transfer & Dismiss, Dkt. No. 20; Reply ISO Mot. to Transfer & Dismiss, Dkt. No. 25. The Court heard oral argument on January 21, 2026. For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand and Defendant's Motion to Transfer Venue and **GRANTS** Defendant's Motion to Dismiss.

## I.    BACKGROUND[1]

Plaintiff Anna Livingston is a resident of Burlison, Tennessee.  FAC ¶ 1, Dkt. No. 1.  She worked as a sales executive in Defendant Karl Storz Endoscopy-America, Inc.'s Airway division from February 2019 to January 2024.  *Id*. ¶ 6.  Defendant is a California company with its principal place of business in El Segundo, California.  *Id*. ¶ 2.  During her employment, Plaintiff worked remotely from her home and covered a sales territory spanning Memphis, Tennessee; Little Rock, Arkansas; and North Mississippi.  *Id*. ¶ 6.  Plaintiff alleges her compensation consisted of a base salary and commissions, and that commissions were a significant component of her earnings.  *Id*.  She further contends that sales opportunities in her division often involved extended lead times—sometimes one to four years—to consummate an order.  *Id*.

Defendant is a global manufacturer of endoscopic equipment.  *Id*. ¶ 7.  Defendant's United States operation is based in El Segundo, California, and its sales personnel work remotely across the country.  *Id*.  Other than a distribution facility in Massachusetts, Defendant has no other United States offices beyond its headquarters in El Segundo.  *Id*.  Plaintiff alleges she experienced discrimination and related adverse treatment while working remotely from Tennessee and while servicing her Mid-South sales territory.  *Id*. ¶¶ 6–17, 51–62.  As such, Plaintiff's claims arise out of her remote work arrangement and her related management and compensation experience, including alleged issues concerning leave and pay, performance-related communications, the handling of commissions and other compensation, commission calculations, rankings, bonuses, training-module assignments, and vehicle reimbursement following her return from maternity leave in or around July 2023.  *Id*. ¶¶ 6–17, 51–62.

Plaintiff identifies potential witnesses, described in the FAC as "me too witnesses" and "comparator witnesses."  *Id*. ¶¶ 18–50.  The "me too" witnesses are Julia Fritzlen, an Airway sales executive whose territory covered the greater Kansas City area and part of Arkansas, and Alison Shultz, a sales executive whose territory covered Phoenix and most of Arizona.  *Id*. ¶¶ 18–42.  The "comparator" witnesses are Plaintiff's husband, George Livingston, a current sales executive

---

[1] The following factual allegations are taken from Plaintiff's First Amended Complaint ("FAC") unless otherwise indicated.  Notice of Removal ("NOR"), Ex. C.  For the purposes of this Motion, the Court treats these factual allegations as true.

working for Defendant, and Dillon Blackmon, an Airway sales executive whose territory spanned Nebraska, South Dakota, and Iowa. *Id.* ¶¶ 43–50. Plaintiff contends these individuals took time off following childbirth without formal leave and without loss of compensation. *Id.*

Plaintiff filed suit against Defendant in the Los Angeles County Superior Court on June 27, 2025, asserting claims relating to alleged employment discrimination. *See generally* Compl. On August 26, 2025, Plaintiff filed a Verified First Amended Complaint. *See generally* FAC. Plaintiff served Defendant with copies of the Summons and FAC on August 27, 2025. NOR, Haddad Decl. ¶ 5. Defendant removed this action on September 24, 2025, to the United States District Court for the Central District of California. NOR.

Plaintiff's current suit against Defendant alleges: (1) Gender Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"); (2) Disparate Impact in Violation of FEHA; (3) Pregnancy Disability in Violation of FEHA and Pregnancy Disability Leave; (4) Failure to Accommodate in Violation of FEHA; (5) Failure to Engage in the Interactive Process in Violation of FEHA; (6) Retaliation in Violation of FEHA; (7) Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of FEHA; (8) Retaliation in Violation of the California Family Rights Act ("CFRA"); (9) Constructive Discharge in Violation of Public Policy; (10) Violation of the California Equal Pay Act; (11) Violation of the Pregnancy Discrimination Act & Pregnant Workers Fairness Act; (12) Gender Discrimination in Violation of Title VII; (13) Violation of the Equal Pay Act; (14) Gender Discrimination in Violation of the Tennessee Human Rights Act; (15) Violation of the Tennessee Equal Pay Act; and (16) Violation of the Tennessee Pregnant Workers Fairness Act. *See generally* FAC.

Plaintiff now moves to remand. Mot. to Remand. Defendant moves to transfer venue to the United States District Court for the Western District of Tennessee and to dismiss the FAC. Mot. to Transfer and Dismiss.

## II.    LEGAL STANDARD

### A.    Motion to Remand

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the federal court has original

---

jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over (1) actions arising under federal law and (2) actions between citizens of different states where the amount in controversy exceeds $75,000, excluding interest and costs. *Id*. §§ 1331, 1332(a).

An action arises under federal law if (1) "federal law creates the cause of action" or (2) "the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citations omitted). If the court has original jurisdiction over at least one claim, it may hear supplemental state law claims that "derive from a common nucleus of operative fact." *Notrica v. Bd. of Sup'rs of Cnty. of San Diego*, 925 F.2d 1211, 1213 (9th Cir. 1991) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see* 28 U.S.C. § 1367.

For the court to have original jurisdiction based on diversity, there must be "complete diversity of citizenship," meaning "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir.), *amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). A notice of removal need include only "a plausible allegation" that jurisdiction exists. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But when a plaintiff challenges that allegation by moving to remand, the defendant must prove jurisdiction by a preponderance of the evidence. *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (citing *Dart*, 574 U.S. at 89). If the court lacks subject matter jurisdiction at any time before final judgment, it must remand the case. 28 U.S.C. § 1447(c).

### B.     Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A dismissal under a 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citation omitted). On a

12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030−31 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. A court may consider the allegations contained in the pleadings, as well as exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

Leave to amend a dismissed complaint should be granted unless it is clear the complaint cannot be saved by any amendment. Fed. R. Civ P. 15(a); *see Manzarek*, 519 F.3d at 1031. A "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

## C.   Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation modified). "The party seeking the transfer bears the burden of persuasion." *Catch Curve, Inc. v. Venali, Inc.*, 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The Section 1404(a) analysis is two-fold.  First, the defendant must establish that the matter "might have been brought" in the district to which transfer is sought.  28 U.S.C. § 1404(a).  "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought."  *Catch Curve*, 2006 WL 4568799, at *1 (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)).  Second, the Court must weigh various factors to determine whether transfer is appropriate.  *Jones*, 211 F.3d at 498.  "In deciding a motion to transfer venue, the court typically weighs a number of public and private factors, including (1) plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations."  *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016) (citation omitted).  The court may also consider: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the respective parties' contacts with the forum; (4) the contacts relating to the plaintiff's cause of action in the chosen forum; (5) the differences in the costs of litigation in the two forums; (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (7) the ease of access to sources of proof.  *Id*. (quoting *Jones*, 211 F.3d at 498–99).

## III.   DISCUSSION

### A.   Plaintiff's Motion to Remand

Plaintiff argues that removal was improper because Defendant is a citizen of California and 28 U.S.C. § 1441(b)(2) bars removal "solely" on the basis of diversity jurisdiction when a properly joined and served defendant is a citizen of the forum state.  Mot. to Remand 7–8.  But Defendant's Notice of Removal invokes federal question jurisdiction in addition to diversity.  NOR ¶¶ 12–15.  Specifically, Plaintiff asserts claims under federal law: the Pregnancy Discrimination Act, the Pregnant Workers Fairness Act, Title VII, and the Equal Pay Act.  *Id*.;  FAC ¶¶ 160–183.  The Court therefore has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims.  To the extent Plaintiff requests that the Court decline supplemental jurisdiction, the Court disagrees that there are complex or novel issues of state law.  Accordingly, the motion to remand is **DENIED**.

### B.      Defendant's Motion to Dismiss[2]

"California courts presume that the California legislature 'did not intend to give its statutes any extraterritorial effect' unless 'such intention is clearly expressed or reasonably . . . inferred' from the statute's text, its purpose, or legislative history." *Russo v. APL Marine Services, Ltd.*, 694 F. App'x 585, 586 (9th Cir. 2017) (quoting *N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916)). "The FEHA contains no such clear evidence of intent." *Russo*, 694 F. App'x at 586 (citing *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1859 (1996)). "[T]he majority of courts in California and other jurisdictions have found that the extraterritorial application of FEHA is determined by the situs of both [(1)] employment and [(2)] the material elements of the cause of action, as opposed to residence of the employee or the employer." *Russo v. APL Marine Services, Ltd.*, 135 F. Supp. 3d 1089, 1094 (C.D. Cal. 2015) (collecting cases), *aff'd*, 694 F. App'x 585 (9th Cir. 2017); Cal. Gov. Code § 12940(h)(1).  The same analysis applies for purposes of the CFRA.  *See, e.g.*, *Sexton v. Spirit Airlines, Inc.*, No. 21-cv-00898-TLN (AC), 2023 WL 1823487, at *3 (E.D. Cal. Feb. 8, 2023); *Hill v. Workday, Inc.*, 773 F. Supp. 3d 779, 793 (N.D. Cal. 2025).  Similarly, for California common law claims, courts look to whether "the conduct which gives rise to liability . . . occurs in California." *Russo*, 135 F. Supp. 3d at 1096 (quoting *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059 (1999)).

### 1.  <u>Situs of Employment</u>

To determine the situs of employment, courts consider "the employee's 'principal place of work,' the employee's 'definite base of operations,' or the 'location where the employee's work holds a substantial connection to.' " *Hill*, 773 F. Supp. 3d at 793 (quoting *Sexton*, No. 21-cv-00898-TLN (AC), 2023 WL 1823487, at *3 (E.D. Cal. Feb. 8, 2023)).  Here, Plaintiff alleges she is a resident of Tennessee and worked remotely from her home while covering a territory in Tennessee, Arkansas, and Mississippi.  FAC ¶¶ 1, 6.  Plaintiff does not allege that she performed any work in California.  *Id*. ¶¶ 2, 7.  Thus, based on these allegations, the situs of Plaintiff's employment was Tennessee, not California.

---

[2] The Court overrules Defendant's objections as consideration of the evidence does not impact the rulings herein.

## 2. <u>Situs of the Material Elements of the Claims</u>

To determine whether the material elements of the cause of action establish a substantial connection to California, courts "look[] to the location of where the core of the alleged wrongful conduct occurred," i.e., whether the conduct giving rise to liability occurred within California. *Sexton*, No. 21-cv-00898-TLN (AC), 2023 WL 1823487, at *4; *see also, e.g., Diamond*, 19 Cal. 4th at 1059; *Hill*, 773 F. Supp. 3d at 794. As discussed, Plaintiff's allegations center on Plaintiff's remote employment and asserted discriminatory or retaliatory treatment while she worked in Tennessee and serviced her Mid-South territory. *Id*. ¶¶ 6–17, 51–62. Plaintiff alleges that Defendant has no offices other than its California headquarters and at various times throughout the FAC generally asserts that the decision-makers responsible for developing, implementing, or ratifying certain of the challenged policies were located in California. FAC ¶¶ 7, 66, 75, 86, 96, 106, 116, 126, 135. However, Defendant presents evidence that two of Plaintiff's managers resided in Illinois and Texas. Dkt. No. 15, Decl. Charissa Vergara ¶ 6. In response, Plaintiff asserts that certain individuals who had decision making authority over decisions at issue in this case reside in California, pointing to declarations concurrently filed with the Opposition. Opp'n at 4, 7. However, the FAC does not contain any allegations regarding such individuals' involvement in the alleged wrongful conduct.[3] More significantly, the FAC describes the claims in broad and sweeping terms and describes various adverse decisions made without describing who made them. To the extent that Plaintiff asserts that such decisions were made by individuals other than the two managers identified by Defendant, the Court grants leave to amend the FAC.[4]

---

[3] A plaintiff "may not use his opposition to raise and argue new allegations or claims not in the complaint." *Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 765 (N.D. Cal. 2022).

[4] The Court notes that in their briefing, neither party has sufficiently addressed the issues raised, as neither party discusses the alleged conduct giving rise to liability for each cause of action. Accordingly, this Order only briefly addresses the basis of the Motion; to the extent that further motion practice is necessary, the Court expects the parties to thoroughly discuss the issues during the required meet and confer process and to thoroughly brief any issues that remain with specificity. Moreover, Plaintiff filed a second opposition brief that contends that "Plaintiff's Ninth Cause of Action for constructive discharge as pled is still viable as it may be based on federal law." Dkt. No. 23 at 7. To the extent that Plaintiff seeks to assert

---

Accordingly, the Court finds that Plaintiff has not sufficiently alleged facts in the FAC to indicate that her work is substantially connected to California through her situs of employment or the material elements of the causes of action, and therefore the Court **GRANTS** Defendant's Motion to Dismiss with leave to amend.

### C.      Defendant's Motion to Transfer Venue

### 1.  <u>The Western District of Tennessee</u>

Plaintiff does not dispute that the action "might have been brought" in the Western District of Tennessee.  That court would have both federal question and diversity jurisdiction.  *See supra* III.A.  Personal jurisdiction over Defendant would be proper based on Defendant's significant business operations within the district.  Lastly, venue would also be proper because "a 'substantial part' of the events or omissions giving rise to the claim occurred" in that district, where Plaintiff resided, worked remotely, and the alleged effects of the challenged employment practices were experienced.  28 U.S.C. § 1391(b)(2).  Accordingly, this action "might have been brought" in the Western District of Tennessee.

### 2.  <u>The Convenience of the Parties and Witnesses, In the Interest of Justice</u>

The Court does not have sufficient information at this time to determine the convenience of the parties and witnesses, as there remain questions regarding the relevant witnesses involved in the decisions at issue in this case, as discussed above.  Accordingly, the Court reserves ruling on this motion until an amended complaint is filed.  The motion to transfer is therefore **DENIED** without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand, **GRANTS** Defendant's Motion to Dismiss, and **DENIES** Defendant's Motion to Transfer Venue.

---

such a theory of liability, the amended complaint must clarify what claims she seeks to bring.

Any amended complaint shall be filed and served within **thirty (30) days**. Failure to timely amend the complaint may result in the dismissal of this action.

**IT IS SO ORDERED.**